IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANET WAGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. |
| | )   16-00069-CB-N |
| VOLKSWGEN GROUP OF | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant's renewed motion for stay of proceedings pending transfer of this action by the Judicial Panel on Multidistrict Litigation (MDL).  (Doc. 15.)  The renewed motion raises two issues:  (1) whether the Court should stay *all* proceedings pending transfer, including briefing on Plaintiff's motion to remand or (2) in the alternative, whether the Court should stay all proceedings other than briefing on the motion to remand.  An earlier motion to stay was denied by the Magistrate Judge in light of Plaintiff's motion to remand (Doc. 8) "so that the Court may ascertain its jurisdiction."  (Doc. 9.)  However, the Magistrate Judge did not address Defendant's motion with respect to a stay of discovery or any proceedings other than a motion to remand.

In the renewed motion, Defendant points out that the transferee court has now set "a schedule for briefing and hearing motions to remand, including motions to remand in related actions subsequently transferred to MDL." (Def.'s Renewed Mot. ¶ 5, Doc. 15, citing *In re Volkswagen "Clean Diesel Marketing, Sales Practices and Products Liability Litigation*, N.D. Cal. 3:15-md-2672-CRB, Dkt. No 1253.)  Citing only

one case, Defendant argues that courts around the country have issued stays pending MDL transfer even with motions to remand pending.[1]

Whether to stay proceedings pending transfer is within the Court's discretion, but there are considerations to guide the decision. As one commentary explains:

> [A] transferor court has discretion to stay proceedings pending a decision by the Panel regarding transfer. This is especially prudent when a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embodied in the MDL statute . . . By like token, courts will deny a stay when those policies would not be subserved by refusing to decide the motion.

15 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 3866.1 (4th ed. 2008).  Since the primary purpose of the multidistrict litigation statute, 28 U.S.C. 1407, is to provide "coordinated or consolidated pretrial proceedings" for civil actions that involve common questions of fact pending in different districts, the stay of pretrial proceedings *other than* the motion to remand is undoubtedly appropriate.

The question remains whether a stay of the motion to remand would promote judicial economy, efficiency, and consistency.   The mere fact that the transferor court has created a mechanism for briefing ruling on motions to remand in pending and potential tag-along cases is not a persuasive reason to delay ruling. Indeed, the transferor court's primary task is to create an efficient system for managing pretrial proceedings.  *See, generally,*  28 U.S.C. § 1407.  Moreover, the

---

[1] Plaintiff has provided a copy of the order in that case, *Levy v. Volkswagen Akti Englesellschaft, et al.,* No. 15-cv-0117-RJ-LF (D.N.M.) (Ex. B, Renewed Mot.).  The order provides reason for granting the stay other than the motion to remand can be considered by the transferee court.

Eleventh Circuit has instructed "that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Some courts have developed procedures to balance the interests of judicial economy, efficiency, consistency and speedy resolution of jurisdictional issues. If the transferor court, upon preliminary consideration, finds the jurisdictional issue to be straightforward, it should decide the motion to remand. *See, e.g.*, *Rutherford v. Merck& Co., Inc.,* 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006) (declining to stay proceedings and deciding motion to remand in potential MDL case where jurisdictional issue was not factually or legally difficult). If the jurisdictional issue appears factually or legally difficult *and* that issue is similar or identical to issues already raised or likely to be raised before the transferor court, the Court should seriously consider granting a stay of the motion to remand. *Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) (only if jurisdictional issue is both difficult and similar should the court "consider motion to stay. . .[b]ut considering motion to stay does not mandate that a stay should be granted").

The jurisdictional issues raised by the motion to remand are: (1) whether the amount in controversy requirement is satisfied so that diversity jurisdiction exists under 28 U.S.C. § 1332 and (2) whether an exception to the well-pleaded complaint rule permits removal based on federal question jurisdiction under 28 U.S.C. § 1331. These do not appear to be difficult issues. Certainly they are the types of removal and remand issues this Court, and others, commonly rule on. Consequently, a stay of the motion to remand is not necessary.

4

In sum, the renewed motion to stay is **denied, in part**, insofar as Defendant seeks a stay of the motion to remand.  The renewed motion is **granted**, **in part**, with respect to all other pretrial proceedings.

**DONE** and **ORDERED** this the 10th day of March, 2016.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**
